UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. __3:13__-CV-1241-JHM

**ROGER D. CARTER**
PO Box 411
Ghent, KY 41045-0411

**EDDIE DEAN HEWITT**
3 Wilson Way
Carrollton, KY 41008

**DAVID WAYNE WARREN**
3168 Dividing Ridge Road
Sanders, KY 41083

**RICKY LYNN WOODS**
6110 Turners Station Road
Turners Station, KY 40075

and a class of others similarly situated                                              PLAINTIFFS

v.                                           **COMPLAINT**

**ARKEMA, INC.**
Serve:
      CSC-Lawyers Incorporating Service Company
      421 West Main Street
      Frankfort, KY 40601

and other parties currently unknown                                                  DEFENDANTS

\*     \*     \*     \*     \*     \*     \*

**Nature of Action, and Jurisdiction**

      The Plaintiffs, by Counsel, hereby state for their Complaint in this matter as follows:

      1.    This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)), for refusal to supply information

requested by plan participants regarding retirement plans subject to ERISA, for failure to report benefit rights, for clarification of rights and future rights under said plans, and to enforce rights under the terms of such plans.

2. Jurisdiction over this action is supplied by 29 U.S.C. § 1132(e) and by 28 USC § 1331.

## The Parties

3. The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

4. The individual plaintiffs, Roger D. Carter, Eddie Dean Hewitt, David Wayne Warren, and Ricky Lynn Woods, are former employees of the Defendant Arkema, Inc. ("Arkema"), and are plan participants and beneficiaries as contemplated in 29 U.S.C. § 1002(7) and (8), residing in locations within the defined geographical area of the United States District Court for the Western District of Kentucky, within the territorial jurisdiction and venue of this Court.

5. Arkema is a Pennsylvania corporation doing business in Carroll County, Kentucky, within the territorial jurisdiction and venue of this Court. Said Defendant has done business under names, or has been associated with businesses having names, that include Elf Atochem North America, Inc. (a Pennsylvania corporation), Atofina Chemical, Inc. (a Pennsylvania corporation), and M&T Chemicals, Inc. (a Delaware corporation).

6. Arkema formerly operated a chemical plant located in Carrollton, Kentucky, at which plant the individual plaintiffs are employed. Said plant has in the past been operated under other names, including Elf Atochem and M&T Chemicals. The plant continues to operate under new ownership, and the plaintiffs continue to be employed at the plant, but are employed by the new owner.

### Allegations Common to All Counts

7. Upon information and belief, Arkema is the administrator of one or more retirement plans which are employee pension benefit plants as contemplated in 29 U.S.C. § 1002(2), and employee benefit plans as contemplated in 9 U.S.C. § 1002(3), in which plan or plans the individual plaintiffs are participants.

8. The plan or plans in which the individual Plaintiffs are participants have been subjected, over a period of years, to unilateral changes imposed by the employer or the administrator, or both, which changes entailed reducing the participants' credited years of service and mergers affecting the rights of the plan participants. Said changes have deprived the plan participants of vested rights in contravention of ERISA.

9. The plan or plans in which the individual Plaintiffs are participants have failed to disclose to the Plaintiffs reduction in benefits as required by 29 U.S.C. § 1024.

10. The changes in question were made in or about year 1990, and entailed reducing the employees' credited years of service for the stated purpose of enabling merger of different employees' plans into a plan for salaried employees.

### Count I
### Deprivation of Vested Rights by Change of Initial Service Date

11. The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

12. Under the terms of the plan or plans in effect when the Plaintiffs were hired, full-time employees became plan members and began accruing service credit on their date of hire.

13. Under the terms of the same plan or plans, employee participants became fully vested after ten years of service.

14. When the plan or plans changed in or about year 1990, employees who had been hired prior to their 25th birthdays, and who were already fully vested plan members with accrued service credit, had their initial service credit accrual dates "adjusted" to the first day of the calendar month next following their attainment of 25 years of age.

15. Employees' service credit was then calculated from these "Adjusted Service Dates" forward, rather than from the earlier dates they originally were hired or became plan members.

16. As a result, these employees lost years of service credit they had already accrued.

17. Because service credit is multiplied by average annual earnings to calculate benefits under the plan or plans, the loss of accrued service credit reduced participants' accumulated benefits.

18. On or about September 30, 2012, Arkema sold the plant and terminated employment of employees at the plant; the new owner thereupon hired former Arkema employees at the plant.

19. Deprivations specific to the individual Plaintiffs include the following:

   a) Plaintiff Roger D. Carter was hired and became eligible for the retirement plan then in effect on July 30, 1976.

   b) In or about 1990, Carter's service accrual date was retroactively adjusted to November 1, 1982.

   c) When Carter was terminated on or about October 31, 2012, he had 36.255 years of service, but was credited with only 30.000 years of service.

   d) Upon information and belief, this deprivation of accrued service credit cost Carter an estimated $4,032.86 per year in retirement benefits.

e) Plaintiff Eddie Dean Hewitt was hired and became eligible for the retirement plan then in effect on June 10, 1976.

f) In or about 1990, Hewitt's service accrual date was retroactively adjusted to August 1, 1982.

g) When Hewitt was terminated on September 30, 2012, he had 36.307 years of service, but was credited with only 30.167 years of service.

h) Upon information and belief, this deprivation of accrued service credit cost Hewitt an estimated $3,995.65 per year in retirement benefits, subject to the rights of his former spouse.

i) Plaintiff David Wayne Warren was hired and became eligible for the retirement plan then in effect on October 2, 1978.

j) In or about 1990, Warren's service accrual date was retroactively adjusted to December 1, 1984.

k) When Warren was terminated on September 30, 2012, he had 29.246 years of service (calculated through 2008, when the employer switched to a 401(k) plan in which employees then under age 50 no longer accrued service credit), but was credited with only 23.083 years of service.

l) Upon information and belief, this deprivation of accrued service credit cost Warren an estimated $3,805.83 per year in retirement benefits, subject to the rights of his former spouse.

m) The loss of accrued service credit also deprived Warren of the option (available to members with 25 years of service) to retire early with a 3% per year reduction in

benefits, rather than the 5.5% per year reduction available to members with only 10 years of service.

n) Due to the loss of service credit, Warren was unable to participate in a retirement medical benefits program available to members with 25 years of service at the time of a plant sale or closing.

o) Plaintiff Ricky Lynn Woods was hired and became eligible for the retirement plan then in effect on February 19, 1979.

p) In or about 1990, Woods' service accrual date was retroactively adjusted to December 1, 1984.

q) When Woods was terminated on September 30, 2012, he had 28.862 years of service (calculated through 2008, when the employer switched to a 401(k) plan in which employees then under age 50 no longer accrued service credit), but was credited with only 23.083 years of service.

r) Upon information and belief, this deprivation of accrued service credit cost Woods an estimated $5,322.46 per year in retirement benefits.

s) The loss of accrued service credit also deprived Woods of the option (available to members with 25 years of service) to retire early with a 3% per year reduction in benefits, rather than the 5.5% per year reduction available to members with only 10 years of service.

t) Due to the loss of service credit, Woods was unable to participate in a retirement medical benefits program available to members with 25 years of service at the time of a plant sale or closing.

## Count II
## Deprivation of Vested Rights by Revocation of "85 Rule"

20. The Plaintiffs reiterate and incorporate by reference the foregoing allegations

21. Until approximately 1993, the plan or plans utilized an "85 rule," under which employees could combine their age (at least 55) with their length of service (30 or more years) to retire early without a reduction in benefits.

22. In or around 1993, the plan or plans revoked the 85-year rule, depriving Plaintiffs of the option of early retirement without penalty.

## Count III
## Failure to Provide Requested Information

23. The Plaintiffs reiterate and incorporate by reference the foregoing allegations

24. By letter of January 10, 2013, addressed to Arkema, the individual Plaintiffs, by Counsel, made a request for information regarding the plan or plans applicable to them.  A copy of said letter is attached hereto as Exhibit A.

25. The plan administrator for each applicable plan was required pursuant to 29 U.S.C. § 1024, and 29 C.F.R. § 2520.104b-30, to provide the requested information.

26. Arkema made no response to the above-described inquiry.  That failure to respond constitutes violation of 29 U.S.C. § 1024, and 29 C.F.R. § 2520.104b-30.

## Count IV
## Failure to Provide Benefits Statements

27. The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

28. The plan or plans in which the individual Plaintiffs are participants apparently failed to provide benefits statements with the information specified in 29 U.S.C. § 1025 during the period from 1987-2005.

29. The plan or plans in which the individual Plaintiffs are participants have, upon information and belief, failed to provide benefits statements with the information specified in 29 C.F.R. § 2520.104b-10 during the period from 1987-2005.

## Class Action Allegations

30. The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

31. The Plaintiffs are representatives of a class of persons so numerous that joinder of all members is impracticable; there are questions of law or of fact, or both, common to the class; the claims of the Plaintiffs are typical of the claims of the class and the defenses of the Defendants to the Plaintiffs' claims are typical of the Defendants' defenses to the claims of the class; and the Plaintiffs will fairly and adequately protect the interests of the class.

32. The prosecution of separate actions by individual members of the class would create a risk of (i) inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. The Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34. Questions of law or fact, or both, common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiffs demand:

A. Certification of this action as a class action.

B. Adjudication of each Plaintiff's current and future benefit rights, including a determination that all deprivation of vested service credit or other vested rights is unlawful, and imposition of judgment requiring restoration of vested rights of which Plaintiffs have been deprived.

C. Injunction and all other appropriate equitable relief, prohibiting unlawful deprivation of vested rights and requiring restoration of vested rights of which Plaintiffs have been deprived.

D. Imposition of daily liability to each plan participant as specified in 29 U.S.C. § 1132(c), and requirement that Defendant provide information and benefit statements required by ERISA.

E. The right to join additional parties and amend their complaint as information heretofore not provided is disclosed.

F. Costs herein expended, including reasonable attorney fees and witnesses fees.

G. All further relief to which the Plaintiffs may be entitled.

    H.    Trial by Jury for all issues so triable.

                RESPECTFULLY SUBMITTED,

                *s/David Leightty*_____
                DAVID LEIGHTTY
                ALISON MESSEX
                PRIDDY, CUTLER, NAAKE & MEADE, PLLC
                800 Republic Building
                429 West Muhammad Ali
                Louisville, KY 40202
                Tel.:  (502) 632-5292
                Fax:  (502) 632-5293
                dleightty@earthlink.net
                COUNSEL FOR PLAINTIFFS

# EXHIBIT A