UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-1241-JHM

**ROGER D. CARTER**
**EDDIE DEAN HEWITT**
**DAVID WAYNE WARREN**
**RICKY LYNN WOODS**
and a class of others similarly situated                                                                  PLAINTIFFS

v.

**ARKEMA, INC.**
and
**ARKEMA INC. RETIREMENT BENEFITS PLAN**                                                          DEFENDANTS

\* \* \* \* \* \* \*

## **FINAL JUDGMENT**

This matter is before the Court on the Plaintiffs' Motion for Final Judgment, in this action brought pursuant to the Employee Retirement Income Security Act ("ERISA"). The parties have consented to the form of this Judgment and that it accurately identifies the members of the subclasses certified by this Court and the amounts owed to each subclass member as a result of the Court's substantive rulings.

**I.      PROCEDURAL HISTORY**

The Complaint in this action was filed by the named plaintiffs, Roger Carter, Eddie Dean Hewitt, David Wayne Warren and Ricky Lynn Woods (collectively "Named Plaintiffs") on behalf of themselves and a class of similarly situated individuals.

   A.      PLAINTIFFS' CLAIMS

The Complaint asserted four claims:

    1.    Count One, "Deprivation of Vested Rights by Change of Initial Service Date," alleged that "employees who had been hired prior to their 25th birthdays, and who were already fully vested plan members with accrued service credit, had their initial service credit accrual dates "adjusted" to the first day of the calendar month next following their attainment of 25 years of age" thereby depriving Named Plaintiffs and similarly situated individuals of vested years of service upon which pension benefits were in part calculated

    2.    Count Two, "Deprivation of Vested Rights by Revocation of the "85 Rule," alleged that the Arkema Plan or its predecessor plan "revoked the 85-year rule," which existed in the M&T Plan, depriving Named Plaintiffs and similarly situated employees of certain early retirement benefits.

    3.    Count Three, "Failure to Provide Requested Information," alleged that defendants failed to provide certain information to Named Plaintiffs.

    4.    Count Four, "Failure to Provide Benefits Statements," alleged that the Arkema Plan "failed to provide benefits statements with the information specified in 29 U.S.C. § 1025 during the period from 1987-2005."

    B.    THE COURT'S SUBSTANTIVE RULINGS

Following completion of fact discovery, the parties, pursuant to agreement between them and order of this Court, filed simultaneous cross-motions for summary judgment as to Counts One, Two and Four of the Complaint. The Court entered two Memoranda and Orders ruling on the parties' cross-motions for summary judgment, DN 53 and DN 60. The Court's rulings are summarized as follows:

    1.    The Court granted Named Plaintiffs' motion on Count One, ruling that, in calculating Named Plaintiffs' pension benefits, the Plan's application of an adjusted service date, rather than Named Plaintiff's actual initial service dates, resulting in a lower number of vested

years of service, violated ERISA's anti-cutback rule; and that Named Plaintiffs were entitled to benefits equal to those calculated under the Arkema Plan based on Named Plaintiffs' actual initial service date;

    2.    The Court granted in part and denied in part the parties' cross-motions for summary judgment on Count Two.

        a.    The Court ordered that the eligibility of former M&T Plan participants for the Rule of 85 benefit is based on their combined years of service at M&T and Arkema and its predecessors and their age as of the date their employment with Arkema terminated.

        b.    The Court ordered that individuals who meet the eligibility requirements are entitled to have the Rule of 85 applied only to their years of service at M&T Chemicals, i.e. years of service prior to January 1, 1990, and not to their years of service at Arkema and its predecessors.

        c.    The Court ordered that, when the Arkema Plan calculates the pre-1990 benefit for individuals who are eligible for the Rule of 85, under which it calculates the benefit under both the M&T Plan and Arkema Plan pension benefits and applies the calculation that results in the higher benefit to the participant, the Arkema Plan must apply the Rule of 85 to both the M&T Plan calculation and the Arkema Plan calculation for the pre-1990 eligible service periods.

    3.    The Court granted Defendants' motion for summary judgment on Count Four.

Plaintiffs have in their Motion for Final Judgment informed the Court that they wish to withdraw Count Three as moot.

### C. CLASS CERTIFICATION

Plaintiffs moved for class-action certification under FRCP Rule 23(b)(2) seeking to certify a class of individuals entitled to the relief resulting from the Court's substantive rulings on those claims in the parties' cross-motions for summary judgment. The Court granted the motion and certified the following two subclasses:

> Subclass 1:  All participants in the Arkema Inc. Retirement Benefits Plan, at any time from January 1, 1998 to the present, who were employed by Arkema Inc. or its predecessors at Arkema's Carrollton, Kentucky plant, and whose initial service dates were adjusted to the first day of the month next following their attainment of 25 years of age.
>
> Subclass 2:  All participants in the Arkema Inc. Retirement Benefits Plan, at any time from January 1, 1998 to the present, who were employed by Arkema Inc. or its predecessors at Arkema's Carrollton, Kentucky plant, and who are eligible (or may become eligible) for the Rule of 85 due to termination of employment after reaching the age of 55 and 30 years of service.

(DN 92, pp. 18-19.)  The Court in addition elected, as permitted in connection with Rule 23(b)(2) class certifications by Rule 23(c)(2)(B), not to require notice to the class at that time.

### D. THE PARTIES' AGREE AS TO THE AMOUNTS DUE TO CLASS MEMBERS AS A RESULT OF THE COURT'S SUBSTANTIVE RULINGS

The parties have agreed as to the amount each class member is entitled to receive, through application of the Court's substantive rulings.  Specifically, the Arkema Plan and its actuaries calculated the amount due to each member of the two subclasses as a result of the Court's substantive rulings, which were reviewed by class counsel and an actuary engaged by class counsel and determined to be accurate.  Based on the concurrence of the parties' actuaries and the agreement of counsel, the Court accepts the accuracy of those calculations, which are incorporated into this Judgment as set forth in more detail below, as correct computations of the impact of the Court's prior substantive rulings in this matter.

The parties therefore consent to the form of this Judgment as the accurate reflection of the amounts owed to members of Subclass One and Subclass Two as a result of the Court's prior rulings in this case.  Defendants, however, do not consent to the substantive rulings and reserve their right to appeal any and all substantive rulings of the Court.

## II.     ENTRY OF JUDGMENT

A. BASED ON THE FOREGOING, JUDGMENT IS HEREBY ENTERED AS FOLLOWS:

1. Exhibit A to this Judgment, which is incorporated herein and made a part of this Judgment, identifies the members of Subclass One and/or Subclass Two pursuant to the Court's April 3, 2018 Class Certification Order and the amounts due by the Arkema Plan to the members of the two subclasses.

    a. Column 1 to Exhibit A identifies the members of the two subclasses.

    b. Column 2 of Exhibit A identifies the additional lump sum payment due to members of Subclass One who took their pension benefit in the form of a lump sum payment. The amount indicated is through December 31, 2018.

    c. Column 3 of Exhibit A identifies the payment due to members of Subclass One who took their pension benefit in the form of a monthly annuity payment. The amount indicated is through December 31, 2018.

    d. Column 4 of Exhibit A identifies the payment due to members of Subclass Two who are eligible for the Rule of 85 and whose payments to date failed to reflect the application of the Rule of 85. The amount indicated is through December 31, 2018.

    e. Column 5 of Exhibit A identifies the additional monthly annuity payment due to members of Subclass One and Subclass Two members. The amount indicated reflects the new monthly payment effective December 31, 2018.

2. Judgment is hereby entered against the Arkema Plan and for each subclass member identified in Exhibit A in the amounts identified on Exhibit A as due to that subclass member.

3. The Arkema Plan shall make the payments set forth in Exhibit A directly to class members. The payments shall be made within 45 days after this Judgment is final and no longer affected by any stay provided by law. When the Judgment becomes final, the Arkema

-6-

Plan shall: (a) commence making the increased monthly pension benefit payments to affected class members identified in Exhibit A, as indicated in the final column of Exhibit A; and (b) pay to each class member identified in Exhibit A a lump sum payment equal to any increased amount of monthly pension benefit shown on Exhibit A, for each month between January 1, 2019 and the date the increased monthly pension benefits commence.

4. All other claims in this matter are dismissed with prejudice.

5. Any motion for attorney fees and costs shall be filed no later than 30 days from the date of entry of this Judgment.

6. Within 30 days of the entry of this Judgment, Plaintiffs may move for an award to the individual Plaintiffs of an "incentive award" for their service as class action representatives in this matter.

7. This Judgment shall be deemed final and appealable on the latter of: (a) the date the Court rules upon any motions for attorney fees, costs or an incentive reward; or (b) 30 days after the entry of this Judgment if no such motion is filed.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

April 2, 2019

# EXHIBIT A

**HOURLY EXHIBIT**

| NAME | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED LUMP SUM BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS TWO MEMBERS** | TOTAL INCREASE IN MONTHLY BENEFIT EFFECTIVE 1/1/19 FOR SUBCLASS ONE AND SUBCLASS TWO MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT |
|---|---|---|---|---|
| CARTER, Roger | 57,500.11 | | | |
| WOODS, Ricky | | | | TBD at retirement |
| WARREN, David * | 27,120.00 | | | |
| WARREN, Vickie * | 16,387.88 | | | |
| HEWITT, Eddie * | 35,304.62 | | | |
| HEWITT, Janice * | 16,153.07 | | | |
| ARVIN, Herbert | | 17,263.95 | | 202.93 |
| CLIFTON, Leslie | | 10,446.14 | 2,048.23 | 103.90 |
| DAVIS, William | | 25,926.43 | | 246.63 |
| GRIMES, Ed | | 21,374.69 | 2,448.26 | 280.03 |
| HARMON, Bobby | | 22,406.97 | 3,231.32 | 296.51 |
| ONEAL, Dale | | 50,978.19 | | 224.48 |
| PATTON, Bradley | | 16,640.73 | 3,769.16 | 236.05 |
| PERRY, Porter | | 10,711.19 | 6,302.34 | 155.25 |
| WALLACE, Albert | | 12,257.18 | 4,614.77 | 130.12 |
| CANINE, Vickie | | 13,788.91 | 4,047.81 | 182.35 |
| HARRELL, Charles/Jemmie | | 1,880.94 | | 14.33 |
| ALEXANDER, Rickey | | 22,227.96 | 5,890.78 | 325.21 |
| ARVIN, Gayle | | 22,067.56 | 4,705.04 | 314.70 |
| BATES, Robert | | 25,393.86 | 6,417.06 | 254.64 |
| CANINE, Roxanne | | 10,245.23 | 6,264.87 | 132.16 |
| HUGHES, Donald | | 3,307.57 | 12,302.65 | 89.01 |

| NAME | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED LUMP SUM BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS TWO MEMBERS** | TOTAL INCREASE IN MONTHLY BENEFIT EFFECTIVE 1/1/19 FOR SUBCLASS ONE AND SUBCLASS TWO MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT |
|---|---|---|---|---|
| LITER, Keith | | 15,196.64 | 2,947.69 | 209.85 |
| SCUDDER, Maurice | | 5,630.99 | 3,676.89 | 109.41 |
| SHARON, Larry | | 33,929.02 | 10,167.96 | 366.71 |
| TERRELL, Charlene | | 7,650.29 | 7,880.69 | 125.90 |
| TERRELL, Mike | | 11,476.71 | 3,820.72 | 226.39 |
| WALLS, Rodney | | 21,547.42 | 13,790.58 | 228.93 |
| WILLIAMSON, Randy | | 29,673.89 | 6,005.20 | 412.65 |
| FRASURE, Oliver | 4,670.17 | | | |
| GULLION, Jim | 55,810.25 | | | |
| SNYDER, Richard | 6,360.47 | | | |
| STEPHENSON, Daryl | 18,462.73 | | | |
| STETHEN, Donnie | 23,179.70 | | | |
| SUTHERLAND, Jeffrey | 6,579.70 | | | |
| TAYLOR, Joseph | 22,736.57 | | | |
| TUEL, James | 55,706.42 | | | |
| WALLACE, Jerry | 24,661.60 | | | |
| FOSTER, Steve | 34,578.71 | | | |
| SHIELDS, Barry | 53,458.53 | | | |
| WILLIAMSON, Kim | 5,667.70 | | | |
| BOUTWELL, Edgar | 46,791.32 | | | |
| GIVIDEN, Bobby | 46,916.07 | | | |
| HAYDEN, Larry | 45,498.85 | | | |
| HENDREN, Paul | 66,027.10 | | | |
| MEFFORD, Dale | 69,671.70 | | | |

| NAME | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED LUMP SUM BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS TWO MEMBERS** | TOTAL INCREASE IN MONTHLY BENEFIT EFFECTIVE 1/1/19 FOR SUBCLASS ONE AND SUBCLASS TWO MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT |
|---|---|---|---|---|
| TINGLE, Baron | 29,348.90 | | | |
| TOLLIVER, Karl | 45,880.19 | | | |
| WILLIS, Larry | 52,655.70 | | | |
| ARY, Allen | 60,626.34 | | | |
| MIRACLE, Charles/Chandra | 1,878.98 | | | |
| BRADEN, Stanley * | | 6,386.03 | 12,033.03 | 122.00 |
| BISHOP, Tammy * | 5,928.79 | | | |
| PERRY, Robert * | | 43,180.01 | 20,926.08 | 284.84 |
| PERRY, Dorothy * | | 9,566.31 | 5,725.53 | 67.95 |
| BURNS, Daniel * | 26,302.75 | | | |
| DAUGHERTY, Anna* | | 10,126.73 | 6,212.96 | 114.56 |
| CORNELIUS, Floyd * | 9,700.14 | | | |
| CORNELIUS, Betty * | 3,089.18 | | | |
| PERRY, Michael * | 15,756.92 | | | |
| BATES, Mark | | | | TBD at retirement |
| MOORE, Tammy | | | | TBD at retirement |
| DISTEL, George | | | 284.74 | 7.29 |
| MAHONEY, George | | | 13,931.51 | N/A |
| MEFFORD, Roger | | | 10,599.89 | 85.93 |
| MORGAN, Ronald | | | 3,236.08 | 25.58 |
| WARD, William | | | 2,086.20 | 17.34 |

* Records indicate that adjustments were made due to QDRO
** Amounts calculated to 12/31/18 include interest at 5.5%

**SALARIED EXHIBIT**

| NAME | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED LUMP SUM BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS ONE MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT** | AMOUNT OF DAMAGES THROUGH 12/31/18 FOR SUBCLASS TWO MEMBERS** | TOTAL INCREASE IN MONTHLY BENEFIT EFFECTIVE 1/1/19 FOR SUBCLASS ONE AND SUBCLASS TWO MEMBERS WHO ELECTED MONTHLY ANNUITY BENEFIT |
|---|---|---|---|---|
| ADAMS, William S | | 47,672.05 | 2,077.90 | 413.72 |
| BANKS, Annis L | | 14,639.33 | 2,428.50 | 318.71 |
| COUCH, Debbie | | | 384.52 | 4.52 |
| HENSLEY, Doyle G | | 19,450.21 | 16,022.08 | 229.80 |
| HILL, Dale A | | 31,990.07 | 5,127.44 | 403.07 |
| LITER, Gayle E | | 30,434.34 | 9,475.53 | 331.89 |
| LOARING, Michael A | | | 792.88 | 9.32 |
| MARTIN, Gary L | 37,966.56 | | | |
| MCCARTY, Valinda S | 9,732.25 | | | |
| NEW, Susan L | 30,920.67 | | | |
| PERRY, Harry A | | 19,076.86 | 1,008.23 | 244.01 |
| ROEDER, Charles M * | | 19,055.71 | | 239.46 |
| WELCH, Debra * | 4,835.42 | | | |
| WELDON, Richard L | | 64,262.04 | 9,820.40 | 564.40 |
| WOOD, William E | | | 736.74 | 8.66 |

\* Records indicate that adjustments were made due to QDRO
\*\* Amounts calculated to 12/31/18 include interest at 5.5%